By the court.
At the common law, lands were not subject to execution ; but goods and chattels might be seized and sold by writ of fi. fa., and tlie profits of land could be taken hy levari facias.
The stat. 13 Ed. 1, c. 18, Westm. 2, gave the writ of elegit, which was the first remedy given against lands in England, The remedy by statute merchant, or staple, or by elegit, was by judgment and execution, or extent, for satisfaction of debts ac. knowledged by record ; by virtue whereof the lands were delivered to the creditor, by process directed to the sheriff, and appraised by a jury. 2 Woodd. 145.
At common law, upon the death of the ancestor, his lands descended to the heir, and were not. liable for the debts of the ancestor, except such as were due by specialty, wherein the heir was named. And if the heir aliened before action brought, the creditor was without remedy. So if the debtor devised away his land, the devisee was not liahle for his debts.
The stat. 3 & 4 W. & M. c. 14. P. L. 87, makes the heir answerable for the value of the lands descended ; and avoids such devises to the prejudice of creditors : and the value of the lands descended shall be1 ascertained by a jury.
The stat. 5 Geo. 2, c. 7, § 4, P. L. 250, enacts, that lands, negroes, and other hereditaments and real estates, situate or being within any of the plantations, belonging to persons in *291 debted, shall be liable for their debts, and shall be assets for the satisfictio.i thereof, in like manner as real estates are by the law <of England liable by specially, and subject to like remedies, <fce. for seizing, extending, selling, and disposing thereof, for such debts, in like manner as personal estates in the said plantations are getzod, extended, . oid, or disposrd of, for saiisfaction of debts.
First. Lands of the debtor are made liable for all his debts, and are made assets lor satisfying the same, in like manner as real estates are liable in. England by specialty: i, e. 1. The lands are liable from the lime of the ju.-gment rendered against the debtor himseif, if judgment be rt covered in his lifetime.- 2. They are made liable in the lands of the heir, although he is not named in the contract ; and although the. contract be simple, and not in ■writing. :j. They are liable in the hands of the heir, from the time that suit is commenced against him. 4. They are liable, or rather (he heir is answerable fot their value, if aliened by him before suit brought. 5. They are liable, although devised by the debtor by his will.
S> condly. The lands of tht debtor are made subject -to like remedies fur seizing and disposing thereof for his debts, in like manner as personal estates in the plantations are seized aud dis. posed of, tor satisfaction of debts : that is to say, they are made liable to be taken by writ of Ji. fa. in all cases where chattels are so liable, and sold, &c. ; or to whatever other remedy chattels are hable in the respective colonies, or States of America.
Being made liable in like manner as personal estate, the statute cannot be construed to make any distinction between lands and per. sonal chattels, but they must be considered as equally liable for satisfaction of debts, and to he assets for that purpose in the hands of the personal representativos of the debtor. And therefore, in this case, where the judgment was recovered against the administrators, for the debt of their intestate, after the lands of the intestate had descended, as it has been contended, to his heir at law, and never came into the hands of the adminis-rators ; although upon the principles of the common law, the heir should have notice, and an opportunity of defending his estate, before he can be divested of it; and it might be reasonable, as has been argued, that a sci. fa. should first go to call upon him, to shew cause why the lands should not be taken to sati.-fy the debt, before the execution should issue to seize and sell the land ; yet as the statute of 5 Creo. 2, makes no distinction between lands and chattels, and contains nothing to shew that it was the iutention, of the statute to *292 make the lands liable only in cases where there should be a deficiency of personal estate, the lands oí the intestate must be regBrc*ed as hable to execution as personal property, and to be taken and sold as such, without discrimination or exception. *
___ The statute of.George.2 was certainly mteuded for the benefit 01 the creditor. The rule of court which requites executors and administrators .to file an account of th.e.ir administration, on oath, along with the plea of plene adminislravit, was it,tended for the benefit of the creditor, as well as of the heir. But .the rule of court which requires, that before judgment shall be rendered to make lands of a testator, or in.testate, liable, there shall be a suggestion, by way .of replication to such plea of pique adminislravit, filed on oath, .that there are lands, &c. certainly cannot repeal, or prevent the operation of the stat. of Geo. 2. At any rate, it cannot affect this case, where tfie administrators did not plead at all, but suffered judgment t.o go by default. The creditor is not to lose his remedy against the real estate of his debtor, because the personal representatives of the debtor neglect or refuse to do their duty. It is their duty to see .that the personal assets are first exhausted, before the real estates are resorted to. But the extreme anxiety observable in t.he common law of England to preserve the rights, and favor the claims, of the heir at law, has be.en entirely dismissed from our law. The rights of primogeniture have been abolished ; in consequence of which, and of our apt of distributions, the heirs of the real estate, in case of intestacy, are the same persons who are entitled to distributive scares of the personal estate : for the estates real and personal undergo a division and transmission exactly alike, so that there canuot be arty ground for contention on the score of interest, between the heirs of the land, and claimants of the personal estate, as .their claims are concurrent, and not adverse, and .they are in fact the same persons. And therefore there is no reason for giving notice to the heir, or proceeding against him by §ci. fabefore issuing execution to seize and sell the land.
In this case, however, it appears that the judgment is defective, and is now objected to by the plaintiffs, for that it is entered up against the administrators by name, without specifying in what manner the debt is to be levied, or naming them as administrator^. By adverting to the writ and declaration, it is evident that the defendants were sued in their representative character, and for a debt of ihúr intesiai.e ; but the judgment is defective, in omittiqg to express in what manner the debt should be levied. Yet as the *293 sheriff’s deed which recites the execution, shews that the execution authorized the sheriff to seize and s.ell the lauds, &c. of the intestate, in the hands of the defendants, to be administered, the court will not lay hold of this objection, which was not made at the trial, to deprive the defendant pf a new trial. But it is recommended to the defendant to apply to the district court to amend the judgment, before the new trial takes place; for sheriff’s sales ought to be favored and supported, as far as they legally may.
A new trial was granted.
Present, Grimke. Wattes, Johnson, Trezevant, and Brevard, Justices ; Bax, J. absent,
Note. In Massachusetts, at an early period of their government, the courtly courts had jurisdiction by law in leslamentaiy matters. In the beginning, .they so far followed the civil law, as to consider real estates as mere bona, and they did not confine themselves to any rules of distribution then ra use in England. See Hutchinson’s Hist. of Massachusetts, vol. 1. p 393
See Hayw. 43, 65, Parker v. Webb; and 85, Bell. v. Hill; 92. 2 Johnson’s N. Y.Term Rep. 251, Lands liable to payment,of debts by stat. 5 Geo. 2, c. 2.